IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. SAG-22-0336 |
| JAMIE HENRY | * | |

### DEFENDANT JAMIE HENRY'S MOTION TO SEVER TRIAL AND REQUEST FOR HEARING

Defendant Jamie Henry by and through undersigned counsel, David Walsh-Little, respectfully moves pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States Constitution to proceed to trial separately from co-defendant Anna Gabrielian, and in support thereof, the defendant states as follows:

### PROCEDURAL HISTORY

On or about September 28, 2022, Jamie Henry was charged by indictment with one count of Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371 and with four counts of Unlawfully Disclosing Individually Identifiable Health Information in violation of 42 U.S.C. § 1320d-6. ECF No. 1. Dr. Henry made an initial appearance on September 29, 2022 and was released on certain conditions including electronic home monitoring. ECF No. 12. Trial is presently scheduled to begin on May 22, 2023.

### LEGAL STANDARD

Rule 14 of the Federal Rules of Criminal Procedure affords district courts the discretion to order severance when appropriate. Rule 14(a) states, "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or

the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." There is a presumption that co-defendants, including those defendants charged with conspiracy, are to be tried together. See *Zafro v. United States*, 506 U.S. 534, 537-38 (1993). Severance though is required when "there is a serious risk that a joint trial would prevent the jury from making a reliable judgement about guilt or innocence. *Zafro*, 506 U.S. at 539. The party moving for severance must show actual prejudice will result from a joint trial. *United States. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995) citing *United States v. Brooks*, 957 F.2d 1138, 1145 (4th Cir. 1992) *cert denied* 505 U.S. 1228 (1992).

The Supreme Court in *Schaffer v. United States*, 362 U.S. 511 (1960) stated, "We do emphasize, however that … the trial judge has a continuing duty at all stages of the trial to grant severance if prejudice does appear." *Id*., at 516. Such analysis is fact specific to each case. "Whether under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct." *Peterson v. United States,* 344 F.2d 419, 422 (5th Cir. 1965).

## ARGUMENT

Dr. Henry is charged in Count One of the Indictment with conspiring with Anna Gabrielian, their wife, to defraud the United States, by assisting the government of Russia to "gain insights into the medical conditions of individuals associated with the U.S. government and military to exploit this information." ECF No. 1, p.4. According to the Government, this is all being done by Dr. Henry to assist the government of Russia in its ongoing war against the Ukraine. *Id*., p.2. Dr. Henry disputes this allegation and the other counts in the indictment.

Russia is of course the successor to the Soviet Union, America's arch enemy throughout the Cold War. The indictment, inflames this anti-Russian perspective by unnecessarily quoting President Biden's characterization of the ongoing conflict. *Id*. Jurors will be tasked with assessing Dr. Henry's individual conduct when reaching a verdict on Count One and there is a real potential of bias against Dr. Henry and their wife because the allegations involve Russia. This prejudice is compounded by the marital union of the defendants. Despite legal instructions to the contrary, there is a very real prejudice that jurors will assess the defendants collectively as a couple instead of individually as the law demands.

The law protects communications between spouses unlike similar communications in other relationships. Information disclosed between spouses is privileged. *Blau v. United States*, 340 U.S. 332, 333 (1951). Additionally, one spouse may not be compelled to testify against the other. *Trammel v. United States*, 445 U.S. 40, 53 (1983). These legal principles are adopted by the society at large. Jurors may very well, independent of any evidence, conclude that Dr. Henry conspired with their wife, simply based on their relationship. This is particularly true given the evidence in this case.

According to the indictment, it is Dr. Gabrielian who initially reaches out to the Russian embassy on her own. This then leads to five separate meetings between an undercover FBI agent and Dr. Gabrielian. All these meetings were audio and video recorded. Dr. Henry is not present for three of these meetings. When present Dr. Henry again and again explained that their intention was not to help Russia, but to stop the harm done to all casualties of war. At a meeting on August 17, 2022, at approximately ten minutes into the recording Dr. Henry states, "I have experience taking care of people destroyed by combat. I worked at Walter Reed." Fourteen minutes into the recording, Dr. Henry explains their personal motivation for continuing the

conversation, " For me it is my hate of war." Twenty eight minutes into the recording Dr. Henry states, " What I was telling the Ukrainian doctor is that I can provide medical care to either side." Approximately sixty one minutes into the recording, Dr. Henry says, "I went into medicine because I am interested in humanitarian health care." Approximately seventy seven minutes into the recording, Dr. Henry states, "I want the world to be a better place for my kids." Eighty three minutes into the recording, Dr. Henry describes their views on the Russian/Ukrainian conflict, "There is no good that comes from this."

    These recorded statements directly impeach the notion that Dr. Henry's intention is to assist the government of Russia. There is however a strong possibility in this case, due to the nature of the allegations and the relationship of the defendants, that Dr. Henry will be prejudiced in a joint trial. Given the facts in this case, severance is appropriate.

    WHEREFORE, Jamie Henry requests that this Court sever their case from their co-defendant on the grounds alleged herein and any other basis that may become apparent upon a hearing on the motion.

Respectfully submitted

/s/
DAVID WALSH-LITTLE, #23586
The Law Office of David Walsh-Little, LLC
1014 West 36th Street
Baltimore, Md 21211
Tel: 1.410.205.9337
Fax: 1.667.401.2414
Email: david@walshlittlelaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion was sent to all parties via CM/ECF.

> /s/
> DAVID WALSH-LITTLE, #23586